[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-6109

_____

D. C. Docket No. CV 96-H-0917-S

JOHN ROBERT CULPEPPER;
PATRICIA STARNES CULPEPPER,
and on behalf of all similarly situated persons,

Plaintiffs-Appellants,

versus

INLAND MORTGAGE CORP.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(June 22, 1998)**

ON PETITION FOR REHEARING AND SUGGESTION
OF REHEARING EN BANC
(Opinion January 9, 1998, 11th Cir., 132 F.3d 692).

Before EDMONDSON and HULL, Circuit Judges, and CLARK, Senior Circuit Judge.

HULL, Circuit Judge:

The Petition for Rehearing is DENIED and no member of this panel nor other

Judge in regular active service of the court having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 35-5), the Suggestion of Rehearing En Banc is DENIED.

Although the Petition is denied, we address several concerns raised by Petitioner Inland Mortgage to facilitate further proceedings. Inland's Petition first contends that this court held that RESPA prohibits the payment of all reasonable yield spread premiums by mortgage lenders to mortgage brokers who actually furnish services or goods and thereby precludes buyers from financing closing costs through yield spread premiums. This contention inaccurately describes our decision.

The central issue presented by this litigation is not whether yield spread premium payments by a mortgage lender can ever be lawful; they can in certain circumstances. The only issue decided by the court was whether as a matter of law Inland had proven in the instant record that this yield spread premium for this table-funded loan was a payment for goods or services and therefore not a prohibited referral fee.[1] As emphasized in footnote 5 of the opinion, our decision was highly

---

[1] While this table-funded loan was not a good that Premiere owned and sold to Inland, Inland is correct in asserting that RESPA would not have prevented Premiere from funding and then selling the Culpeppers' loan. As Inland's brief makes clear, however, that is not what happened in this case. Rather, Inland table-funded the transaction and paid a fee to Premiere for "the slightly above-par yield on the mortgage note and for the right to service the loan." Inland's Responses to Interrogatories, R.1-16, ex. A at 5.

2

dependent upon the facts in the current record about this table-funded financial transaction.

For example, one problem for Inland at the summary judgment stage in this case was that the evidence developed to date did not tie the yield spread premium to services provided by Premiere for Inland or for the Culpeppers. Instead, as our opinion noted, the evidence showed that the Culpeppers paid a 1% fee for broker services directly to Premiere and that the quality and quantity of Premiere's services, for Inland and the Culpeppers, were the same irrespective of whether the interest rate was at par or above par. Inland's payment of the yield spread premium in this record appeared to be tied only to Premiere's referring an above par loan. Inland now claims that the yield spread premium also represented additional payment for Premiere's services to Inland and the Culpeppers, but the evidence before the district court at the summary judgment stage did not show this.

Second, Inland is concerned that our opinion summarily adjudicates the case in the Culpeppers' favor. The Culpeppers did not move for summary judgment, and our opinion resolves only whether the district court properly granted summary judgment to Inland. Thus, we clarify that Inland's inability to obtain judgment as a matter of law on the current record does not prevent Inland, on remand, from attempting to prove its case at trial. Nonetheless, we note that certain facts about the

3

nature of this financial transaction seem to be undisputed which, at a minimum, presents a hurdle for Inland at trial.

Third, Inland contends that our opinion creates a series of "economic[] anomalies" because we read RESPA to prohibit certain transactions but not others. We are duty-bound to apply RESPA as written to determine whether, under the facts of this case, Inland's payment of a yield spread premium was lawful. Whether, as a matter of policy, RESPA should be amended to remove yield spread premiums from the statute's purview is an issue that we are not empowered to resolve. Thus, we leave it to Inland and other interested parties to pursue that issue before Congress and HUD.

**PETITION FOR REHEARING AND SUGGESTION OF REHEARING EN BANC DENIED.**