Helen B. JACKSON,

v.

FORD CONSUMER FINANCE
COMPANY, INC.; Mortgage
Funding Network, Inc.

Corey B. MARTIN,

v.

SUNBELT NATIONAL MORTGAGE,
a division of Ft Mortgage
Companies.

Scott R. McBRIDE,

v.

RELIASTAR MORTGAGE
CORPORATION.

Neville PAUL and Margaret S. Paul,

v.

NATIONAL CITY MORTGAGE CO., d/b/a
COMMONWEALTH UNITED
MORTGAGE COMPANY.

Willie J. ATKINSON and
Elaine D. Atkinson,

v.

PREFERRED CREDIT CORPORATION.

Marion HINES,

v.

SUNSHINE MORTGAGE
CORPORATION.

Arthur B. LATIMER,

v.

NF INVESTMENTS, INC.

Mark PETRINA,

v.

BANK OF AMERICA, FSB.

Ronald K. FINDLAY and
Janet L. Findlay,

v.

RESOURCE BANKERS MORTGAGE
GROUP.

Jeffrey STOKES,

v.

AMRESCO RESIDENTIAL MORTGAGE
COMPANY.

Clifford Oscar SIMMONS and
Faye J. Simmons,

v.

EQUI–FINANCIAL, L.P.

Charles R. MOSES and
Barbara R. Moses,

v.

AEGIS MORTGAGE CORP.

Rodney GRAY,

v.

PREMIER LENDING CORPORATION.

Bobby HEARN,

v.

WASHTENAW MORTGAGE COMPANY.

Arturo F. JORDAN and
Natalie D. Jordan,

v.

CITIFED DIVERSIFIED, INC.

Gary L. WOODMAN and
Sara R. Woodman,

v.

NCS MORTGAGE SERVICES, LLC.

Beth A. RICHARDSON,

v.

BANKAMERICA CORPORATION, et al.

Pamela C. HIRSCH,

v.

BANKAMERICA CORPORATION, et al.

Charles E. DIERKER and
Marilyn E. Dierker,

v.

CIMARRON MORTGAGE CO.

Nos. CIV.A. 1:96CV1009RWS, CIV.A. 1:98CV214JTC, CIV.A. 1:98CV215TWT, CIV.A. 1:98CV216WBH, CIV.A. 1:98CV217CAM, CIV.A. 1:98CV219GET, CIV.A. 1:98CV220ODE, CIV.A. 1:98CV311ODE, CIV.A. 1:98CV312CC, CIV.A. 1:98CV313WBH, CIV.A. ·1:98CV314TWT, CIV.A. 1:98CV359WBH, CIV.A. 1:98CV418ODE, CIV.A. 1:98CV575JTC, CIV.A. 1:98CV680WBH, CIV.A. 1:98CV681TWT, CIV.A. 1:98CV1031ODE, CIV.A. 1:98CV1032ODE, CIV.A. 2:98CV30WCO.

United States District Court,
N.D. Georgia.
Atlanta Division.

July 23, 1998.

William J. Brennan, Jr., Karen Elizabeth Brown, Atlanta Legal Aid Society, DeKalb County Regional Office, Decatur, GA, Joseph H. King, Atlanta, GA, for Plaintiff.

Mary Grace Diehl, Amy Stutz Lettes, Troutman Sanders, Atlanta, GA, for Ford Consumer Finance Company.

Robert Neil Dokson, Ellis, Funk, Goldberg, Labovitz & Dokson, Atlanta, GA, for Mortgage Funding Network, Inc.

*OPINION and ORDER*

STORY, District Judge.

By Orders signed on April 29, 1998, and June 3, 1998, Chief Judge G. Ernest Tidwell transferred nineteen cases (the "transferred cases") to the undersigned to determine whether they should be consolidated. Briefing on that issue is now complete, and the issue is ripe for determination.

## Background

Plaintiffs in these actions assert claims against various lenders contending that the lenders have made certain payments to mortgage loan brokers in violation of the Real Estate Settlement Practices Act, 12 U.S.C. § 2601, et seq., ("RESPA"). Specifically, RESPA prohibits providers of real estate settlement services from paying or receiving "any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person," 12 U.S.C. § 2607(a), but exempts from this prohibition "the payment to any person of a bona fide salary or compensation or other payment for goods or facilities actually furnished or for services actually performed," 12 U.S.C. § 2607(c). At issue in each of these cases is whether certain payments made to loan brokers were prohibited referral fees or kickbacks or were permitted payments for goods actually furnished or services actually performed.

Plaintiffs move to consolidate these actions for pre-trial proceedings, or to transfer them to a single judge, arguing that they involve virtually identical fact patterns and a single "core" legal issue—whether the payments made are per se unlawful kickbacks under RESPA—which should be ruled upon by one judge to avoid inconsistent rulings. Defendants oppose consolidation for pre-trial proceedings, responding generally that the factual issues, and the resulting legal liability, are unique to each case, as each case raises factual questions as to the specific terms of the transaction at issue, payments made to brokers, whether such payment was made for goods actually furnished or services actually performed, and the reasonable value of the goods or services provided.

## Discussion

Federal Rule of Civil Procedure 42(a) codifies certain aspects of a trial court's inherent managerial powers and provides:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed.R.Civ.P. 42(a). The Court of Appeals for the Eleventh Circuit has encouraged trial courts to make good use of Rule 42(a) " 'in order to expedite the trial and eliminate unnecessary repetition and confusion.' " *Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir.1985) (quoting *Dupont v. Southern Pacific Co.*, 366 F.2d 193, 195 (5th Cir.1966), *cert. denied*, 386 U.S. 958, 87 S.Ct. 1027, 18 L.Ed.2d 106 (1967)).

A district court's decision under Rule 42(a) is purely discretionary. *Id.* In exercising its discretion, the district court must consider:

"[W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

*Id.* (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir.1982), *cert. denied*, 460 U.S. 1102, 103 S.Ct. 1801, 76 L.Ed.2d 366, *on reh'g*, 712 F.2d 899 (1983), *cert. denied*, 464 U.S. 1040, 104 S.Ct. 703, 79 L.Ed.2d 168 (1984)).

In a recent case involving a similar charge of improper referral fees, the Eleventh Circuit emphasized that "[m]ortgage transactions are structured in a variety of ways," and liability under RESPA "is highly dependent upon the facts of [the particular] financial transaction." *Culpepper v. Inland Mortgage Corp.*, 132 F.3d 692, 697 n. 5 (11th Cir.1998), *pet. for reh'g and suggestion for reh'g en banc denied*, 144 F.3d 717 (11th Cir.1998).

These cases are not appropriate for consolidation under Rule 42(a). Under *Culpepper*, liability for the transactions at issue is dependent upon the facts of the individual transactions. The transactions at issue here involve at least 18 different lenders. There has been no showing at this point that the transactions at issue or these lenders' practices are so similar that any economies can

be achieved by consolidating these cases for pre-trial procedures. In the absence of such a showing, the fact that liability is dependent upon the facts of each individual transaction counsels against the confusion and duplication of effort that would undoubtedly result from the participation of 18 different lenders in discovery and pre-trial matters regarding transactions as to which all but one or two of those lenders have no relation.

Also, as noted by certain of the defendants, they are competitors and the consolidation of these matters for pre-trial purposes raises additional concerns about the possible inappropriate disclosure of defendants' confidential commercial information.

In addition, the expense to defendants of monitoring and appearing in numerous cases to which they have no relation is undisputed. In contrast, plaintiffs have failed to demonstrate the manner in which they or the Court could achieve efficiency and cost savings through the consolidation of these actions.

Finally, it would appear that the core legal question plaintiffs seek to resolve uniformly has been answered, in large part, by the opinion of the Eleventh Circuit in *Culpepper*; at the very least, the *Culpepper* opinion provides the various district judges assigned to these cases substantial guidance which will reduce the risk of inconsistent legal rulings.

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiffs' Motions to Consolidate or Transfer these actions are DENIED; and

2. This Court having resolved the limited issue for which these actions were transferred,

   a. The stay of proceedings imposed by this Court's Order of May 15, 1998, is dissolved as of the entry of this Order; and

   b. These actions shall proceed before the judges of this Court to whom they were previously assigned.