John BRANCHEAU and Blanca
Brancheau, Plaintiffs,

v.

RESIDENTIAL MORTGAGE and
Mercantile Bank of St.
Louis, Defendants.

No. Civ. 97–53 (JRT/RLE).

United States District Court,
D. Minnesota.

July 1, 1999.

William Harvey Crowder, Susan Clair Bedor, Vildan A. Teske, Crowder & Bedor, St. Paul, MN, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, Edelman & Combs, Chicago, IL, for plaintiffs.

Edward Michael Laine, Christopher C. Cain, Oppenheimer Wolff & Donnelly, Minneapolis, MN, Mark G. Arnold, Husch & Eppenberger, St. Louis, MO, Brian Neal Johnson, Halleland Lewis Nilan Sipkins & Johnson, Minneapolis, MN, for defendants.

## MEMORANDUM OPINION
## AND ORDER

TUNHEIM, District Judge.

Plaintiffs John and Blanca Brancheau commenced this action against defendants Residential Mortgage Group, Inc. ("Residential") and Merchantile Bank of St. Louis, N.A. ("Merchantile") under Section 8 of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607. In a Memorandum Opinion and Order dated September 4, 1998,

*Brancheau v. Residential Mortgage and Mercantile Bank,* 182 F.R.D. 579 (D.Minn. 1998) ("*Brancheau I* "), this Court resolved several motions of the parties, including granting plaintiffs' motion for class certification. On October 8, 1998, the Court granted defendants' request to seek reconsideration. Since that time, the parties and members of the mortgage industry have submitted to the Court a substantial number of letters, supplemental legal arguments, judicial opinions, and agency policy statements.

This matter is before the Court on defendants' motions for reconsideration. Based on the reasoning set forth in the Court's Memorandum Opinion and Order in *Levine v. North American Mortgage Co.,* 188 F.R.D. 320 (D.Minn.1999), issued today and attached hereto, the Court grants defendants' motions for reconsideration, vacates the portions of *Brancheau I* granting class certification and denying defendants' motions for summary judgment, denies class certification, and grants defendants' motions for summary judgment.

## ANALYSIS

Because defendants' motions are premised on legal rather than factual arguments, the Court need not revisit the dissertation of the operative facts in *Brancheau I.* That discussion of the facts therefore is incorporated herein by reference.

In *Brancheau I,* the Court began by outlining RESPA's statutory framework. It then turned to the analysis of whether a yield spread premium paid by a lender to a mortgage broker that otherwise would constitute an illegal referral fee or unearned fee under § 2607(a) and (b) is valid compensation for goods, facilities, or services under § 2607(c). Relying primarily on the analytical framework suggested in *Culpepper v. Inland Mortgage Corp.,* 132 F.3d 692, 696–97 (11th Cir.), *as modified,* 144 F.3d 717 (1998), the only circuit court decision to have addressed the issue, the Court concluded that the analysis under subsection (c) involves two steps. *See Brancheau I,* 182 F.R.D. at 584–85. First, the fact finder must determine whether the payment was made in exchange for

goods or facilities actually furnished or services actually performed. *See id.* at 584. If not, the payment violates RESPA's prohibition against kickbacks and referral fees. *See id.* at 585; *see also Culpepper,* 132 F.3d at 697 (indicating that where a premium is not tied to the goods, facilities, or services provided, it constitutes an illegal referral fee, regardless of whether the fee was reasonable). If so, the fact finder must move to the second step and assess whether the payment is so excessive that a portion of the payment should be considered an improper referral fee. Under this step, "a fee that bears 'no reasonable relationship to the market value of the goods or services provided' is not considered compensation for goods or services." *Brancheau I,* 182 F.R.D. at 584 (quoting 24 C.F.R. § 3500.14(g)(2)). If the payment fails under this inquiry, it likewise violates RESPA. *See id.* If the payment satisfies both steps, it is protected under subsection (c). *See id.* at 584–85.

The Court applied this analysis in denying the parties' cross-motions for summary judgment and granting plaintiffs' motion for class certification. Under the first step, the Court found, contrary to defendants' contention, that the yield spread premium Merchantile paid Residential was not in exchange for goods or facilities because the loan itself, although an asset, is neither a good nor a facility. *See id.* at 585. The Court then determined that summary judgment would be inappropriate because a fact dispute exists (under the first prong) whether the yield spread premium was compensation in exchange for Residential's services. *See id.* at 585–87. Finally, the Court found that class certification is appropriate in this case because plaintiff had satisfied all of the elements of Rule 23(a) of the Federal Rules of Civil Procedure and Rule 23(b)(3)'s requirements that common questions predominate over individual questions and that a class action is superior to other methods of resolving the class members' claims. *See id.* at 589–91. Most importantly, the Court concluded that common questions predominate under the first prong of the analysis because the proposed class could use generalized evidence to attempt to demonstrate that the

yield spread premium Merchantile paid Residential was not in exchange for services. *See id.* at 590. In so doing, the Court recognized that the second step of the analysis, which involves a determination of the reasonableness of the fee, is not subject to generalized evidence, but this individualized inquiry only becomes necessary if the yield spread premium survives the first step.[1] *See id.*

Defendants now move for reconsideration of the class certification determination in *Brancheau I,* challenging the two-pronged approach the Court adopted, and arguing that, even under that approach, individualized facts predominate over fact questions common to the class. In addition, Residential contends that class certification is inappropriate and that it is entitled to summary judgment because the Court erred in concluding that the loan (given in exchange for the yield spread premium) is not a "good" under § 2607(c). Defendants further assert that they are entitled to summary judgment because there is no dispute that the total compensation Residential received for originating plaintiffs' loan was reasonable.

■ For the reasons set forth in *Brancheau I,* the Court rejects Residential's contention that the loan itself is a "good." Indeed, the Department of Housing and Urban Development ("HUD") recently issued a policy statement that confirms this conclusion. *See* Real Estate Settlement Procedures Act Statement of Policy 1999–1 Regarding Lender Payments to Mortgage Brokers ("Policy Statement" or "the Statement"), 64 Fed.Reg. 10080, 10085 (1999). Specifically, HUD stated that "while a broker may be compensated for goods or facilities actually furnished or services actually performed, *the loan itself,* which is arranged by the mortgage broker, *cannot be regarded as a 'good'* that the broker may sell to the lender and that the lender may pay for based upon the loan's yield's relation to market value, reasonable or otherwise."[2] *Id.* (emphasis added).

Also, the Court continues to believe that *Brancheau I* was correctly decided under the analysis suggested in *Culpepper.* Nevertheless, for the reasons set forth in *Levine,* the Court now abandons the *Culpepper* analysis and adopts the analytical framework HUD recently established in its Policy Statement. *See Levine,* at 326–29. The Policy Statement's two-part analysis is as follows:

> In determining whether a payment from a lender to a mortgage broker is permissible under Section 8 of RESPA, the first question is whether goods or facilities were actually furnished or services were actually performed for the compensation paid. The fact that goods or facilities have been actually furnished or that services have been actually performed by the mortgage broker does not by itself make the payment legal. The second question is whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed.

64 Fed.Reg. at 10084. Thus, "the first step in the Statement's analysis addresses simply whether any goods or services were actually furnished or performed, rather than, as under analysis suggested in *Culpepper,* whether the goods or services the broker provided can be tied directly to the payment." *Levine,* at 327.

■ Applying this framework, the Court now concludes that class certification would be inappropriate because plaintiffs, like the plaintiff in *Levine,* cannot satisfy Rule 23(b)(3)'s predominance requirement. Under HUD's analysis—unlike under the *Culpepper* analysis applied in *Brancheau I*—neither step of the inquiry depends on a finding whether the yield spread premium was tied specifically to, or paid in exchange for services provided. *See id.* at 331. Rather, the first step focuses on whether the broker provided any services. *Id.* Plaintiffs have not shown that the issue of whether Residential failed to provide services to each class mem-

---

**1.** In *Brancheau I,* the Court also granted summary judgment in favor of Merchantile on two common-law claims. *See* 182 F.R.D. at 587–88. Nothing herein should be construed as altering the Court's analysis of those two claims.

**2.** The Court also finds that Residential's "facilities" argument to be unpersuasive.

ber is subject to generalized proof. Similarly, the inquiry into the reasonableness of Residential's total compensation for services under step two depends on the particular facts of each loan transaction.

As the Court suggested in *Levine,* members of the proposed class in this case may be able to demonstrate that Residential and Merchantile violated RESPA under HUD's "total compensation" approach. *See id.* at 23. Yet plaintiffs have provided no explanation for how such claims can be prosecuted except by utilizing individualized evidence. Thus, the Court vacates the portion of *Brancheau I* granting plaintiffs' motion for class certification and denies that motion.

■ In addition, under the Policy Statement's analysis, defendants are entitled to summary judgment on plaintiffs' RESPA claims. There is no dispute that Residential provided services for plaintiff and Merchantile in originating and processing plaintiff's loan. In addition, the Court found in *Brancheau I* that plaintiff has raised no issue of material fact with regard to the reasonableness of the total fees Residential received. *See* 182 F.R.D. at 586. In the intervening period, plaintiffs have not offered any additional reason or argument why Residential's total compensation was not reasonable. Based on this unique set of circumstances, the Court finds that summary judgment in favor of defendants is appropriate. The portions of *Brancheau I* denying defendants' motions for summary judgment therefore are vacated, and the motions are granted.

In conclusion, the Court notes, as it did in *Levine,* that its adoption of the Policy Statement's test for analyzing the legality of yield spread premiums under RESPA and its denial of class certification should not be construed as suggesting that these premiums are presumptively valid. Although members of the mortgage industry have objected loudly to criticism of yield spread premiums, such payments are worthy of close scrutiny because they are based solely on the interest rate of the loan and offer a tempting financial incentive to brokers unrelated to the quantity or quality of services they provide. *See* 64 Fed.Reg. at 10086 (warning that "higher interest rates alone cannot justify higher total

fees to mortgage brokers"). Moreover, the Court realizes that individual RESPA actions may not be economically feasible in many circumstances and that the inability of borrowers to assert class claims will hamper their efforts to enforce their rights under the statute. Nevertheless, because plaintiffs have not satisfied the predominance requirement, class certification in this case is inappropriate even though the class action device otherwise would be the superior mechanism for resolving RESPA disputes. If Congress believes that borrowers cannot protect themselves effectively from mortgage industry abuses under current law, it should modify RESPA to provide greater protection.

## ORDER

Based on the foregoing and all of the records, files, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendants' motions for reconsideration [Docket Nos. 134, 136 (memorandum); 137 (memorandum)] are **GRANTED.**

2. The portions of the Court's Memorandum Opinion and Order dated September 4, 1998 ("*Brancheau I* ") [Docket No. 116] denying defendants' motions for summary judgment as to RESPA claims and granting plaintiffs' motion for class certification are **VACATED.**

3. Residential's motion for summary judgment [Docket No. 51] is **GRANTED,** and plaintiffs' claims against Residential are **DISMISSED WITH PREJUDICE.**

4. Merchantile's motion for summary judgment [Docket No. 62] is **GRANTED** in its entirety, and plaintiffs' claims against Merchantile are **DISMISSED WITH PREJUDICE.**

5. Plaintiffs' motion for class certification [Docket No. 88] is **DENIED.**

6. Except to the extent it is expressly vacated or modified herein, *Brancheau I* is **REAFFIRMED.**

LET JUDGMENT BE ENTERED ACCORDINGLY.